**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MORGAN,<br><br>            Plaintiff,<br><br>      v.<br><br>DUCK CREEK TECHNOLOGIES, INC., WILLIAM BLOOM, KATHLEEN CRUSCO, JULIE DODD, MICHAEL JACKOWSKI, TALVIS LOVE, ROY MACKENZIE, STUART D. NICOLL, FRANCIS PELZER, SUNIL RAJASEKAR, and JASON WRIGHT,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Duck Creek Technologies, Inc. ("Duck Creek" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Vista Equity Partners Management, LLC ("Vista").[1]

2. On January 8, 2023, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

with Disco Parent, LLC ("Parent") and Parent's wholly owned subsidiary Disco Merger Sub, Inc. ("Merger Sub").[2]  The Merger Agreement provides that Duck Creek stockholders will receive $19.00 in cash per share of Duck Creek common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the February 28, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

---

[2] Parent and Merger Sub are each Vista affiliates.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 28, 2023.

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Duck Creek common stock.

10. Defendant Duck Creek is a Delaware corporation with its principal executive offices located at 22 Boston Wharf Road, Floor 10, Boston, Massachusetts 02210. Duck Creek's shares trade on the Nasdaq Global Select Market under the ticker symbol "DCT." Duck Creek is a cloud-based sales of Software-as-a-service ("SaaS") solutions provider of core systems for the global property and casualty and general insurance industry. Core systems consist of the end-to-end back-office infrastructure of insurance companies and include underwriting, rating and policy management, billing and payments, distribution management, claims management, reinsurance management and data insights. The Company's solutions include, among others: (a) Duck Creek Policy, a solution that enables insurers to develop and launch new insurance products and manage all aspects of policy administration, from product

definition to quoting, binding and servicing; (b) Duck Creek Billing, a solution that supports fundamental payment and invoicing capabilities (such as billing and collections, commission processing, disbursement management and general ledger capabilities) for all insurance lines and bill types; and (c) Duck Creek Claims, a solution that supports the entire claims lifecycle from first notice of loss through investigation, payments, negotiations, reporting and closure.

11. Defendant William Bloom is and has been a director of the Company at all times relevant hereto.

12. Defendant Kathleen Crusco is and has been a director of the Company at all times relevant hereto.

13. Defendant Julie Dodd is and has been a director of the Company at all times relevant hereto.

14. Defendant Michael Jackowski is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

15. Defendant Talvis Love is and has been a director of the Company at all times relevant hereto.

16. Defendant Roy Mackenzie is and has been a director of the Company at all times relevant hereto.

17. Defendant Stuart D. Nicoll is and has been a director of the Company at all times relevant hereto.

18. Defendant Francis Pelzer is and has been a director of the Company at all times relevant hereto.

19. Defendant Sunil Rajasekar is and has been a director of the Company at all times relevant hereto.

20. Defendant Jason Wright is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

21. Defendants identified in paragraphs 11-2- are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

22. On January 9, 2023 Duck Creek announced in relevant part:

BOSTON, Jan. 09, 2023 (GLOBE NEWSWIRE) — Duck Creek Technologies (NASDAQ: DCT), the intelligent solutions provider defining the future of property and casualty (P&C) insurance, today announces it has entered into a definitive agreement to be acquired by Vista Equity Partners ("Vista"), a leading global investment firm focused exclusively on enterprise software, data and technology-enabled businesses, for $19.00 per share, in an all-cash transaction valued at approximately $2.6 billion.

Under the terms of the agreement, Duck Creek shareholders will receive $19.00 per share in cash, which represents a 46% premium to Duck Creek's closing stock price on January 6, 2023, the last full trading day prior to the transaction announcement, and a premium of approximately 64% over the volume weighted average price of Duck Creek's stock for the 30 days ending January 6, 2023.

"This transaction is a testament to the value of the Duck Creek platform, the success of our strategy and the strength of our incredible team. Following a deliberate and thoughtful process, the Board approved this transaction which delivers a great outcome for Duck Creek's shareholders, providing them a certain and substantial cash value at an attractive premium," said Michael Jackowski, Chief Executive Officer of Duck Creek. "Duck Creek is proud to have pioneered cloud-based mission-critical systems for the P&C insurance industry to deliver a best-in-class customer experience. We are excited to enter the next chapter for Duck Creek in partnership with Vista Equity Partners to continue supporting P&C insurance carriers' move to the cloud."

"Duck Creek is playing an outsized role in accelerating cloud strategies and unlocking all the advantages they provide this crucial sector of today's economy," said Monti Saroya, Senior Managing Director and Co-Head of Vista's Flagship Fund. "Duck Creek's modern cloud architecture and

demonstrated market traction position it to define the next generation of mission-critical technology for P&C insurance."

"Vista has an established track record of partnering with leading enterprise software businesses within the insurance industry and related verticals," said Jeff Wilson, Managing Director at Vista. "We are excited to work with the Duck Creek team as we look to build on their best-in-class platform and solutions, which serve many of the world's leading P&C insurance carriers."

**Certain Terms, Approvals and Timing**

Transaction negotiations were led by a Special Committee of the Duck Creek Board of Directors, composed entirely of independent and disinterested directors. Following the recommendation of the Special Committee, the Duck Creek Board of Directors approved the merger agreement with Vista Equity Partners.

The transaction is expected to close in the second calendar quarter of 2023, subject to the satisfaction of customary closing conditions, including approval by Duck Creek's stockholders and U.S. antitrust clearance. Upon completion of the transaction, Duck Creek's common stock will no longer be publicly listed, and Duck Creek will become a privately held company. Vista Equity Partners intends to finance the transaction with fully committed equity financing that is not subject to any financing condition.

The agreement includes a "go-shop" period expiring at 11:59 p.m. Eastern time on February 7, 2023, which allows Duck Creek's board of directors and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties. Duck Creek's board of directors will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Duck Creek does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required.

**About**

J.P. Morgan is acting as financial advisor to Duck Creek, and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal counsel to Duck Creek.

Evercore is acting as financial advisor to the Special Committee, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel to the Special Committee.

Kirkland & Ellis LLP is acting as legal counsel to Vista Equity Partners

**The Materially Incomplete and Misleading Proxy Statement**

23. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 28, 2023  The Proxy Statement, which recommends that Duck Creek stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Duck Creek; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"), and the financial advisor to the special committee of the Board (the "Special Committee"), Evercore Group L.L.C. ("Evercore"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and*

24. The Proxy Statement fails to disclose material information concerning the "Forecasts" for the Company, including the line items underlying Duck Creek's projected: (a) Non-GAAP Gross Margin; (b) Adjusted EBITDA; and (c) Unlevered Free Cash Flow pre-NOLs.

25. The Proxy Statement fails to disclose, to the extent they exist, the Unlevered Free Cash Flows over the projection period for the Company's "Stand-Alone Projections" and "Imburse Projections."

26. The Proxy Statement also fails to disclose the line items underlying Duck Creek's projected: (a) Non-GAAP Gross Margin, (b) Adjusted EBITDA, and (c) Unlevered Free Cash Flow with respect to the Company's "Stand-Alone Projections" and "Imburse Projections."

27. The Proxy Statement further fails to disclose the line items underlying forecasted EBITDA and Unlevered Free Cash Flow for Duck Creek management's respective projections for the Company and Vista.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's and Evercore's Financial Analyses*

28. The Proxy Statement fails to disclose material information concerning J.P. Morgan's and Evercore's respective financial analyses.

29. With respect to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the unlevered free cash flows utilized in the analysis, including the unlevered free cash flows for fiscal years 2022 through 2032; (b) the Company's terminal year revenue; and (c) the Company's terminal values.

30. With respect to the *Public Trading Multiples* analysis and *Selected Transactions Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

31. With respect to the *Discounted Cash Flow Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the Company's terminal year unlevered, after-tax free cash flows; (b) the Company's terminal values; (c) the Company's net debt; and (d) the Company's fully diluted outstanding shares.

32. With respect to the *Selected Public Company Trading Analysis* and *Selected Transactions Analysis* performed by Evercore, the Proxy Statement fails to disclose the

respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

33. With respect to the *Equity Research Analyst Price Targets* analysis performed by Evercore, the Proxy Statement fails to disclose the individual price targets observed and their sources.

34. With respect to *Illustrative Present Value of Future Share Price* analysis performed by Evercore, the Proxy Statement fails to disclose: (a) the Company's net debt; and (b) the Company's fully diluted outstanding shares.

35. With respect to the *Premiums Paid Analysis* performed by Evercore, the Proxy Statement fails to disclose the individual transactions analyzed and the individual premiums observed for each transaction analyzed.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

36. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Vista's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

37. The omission of the above-referenced information renders statements in the "Forecasts," "Opinions of Duck Creek's Financial Advisors," "Background of the Merger," and "Interests of the Directors and Executive Officers of Duck Creek in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

38. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Duck Creek**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Duck Creek is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Duck Creek within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Duck Creek and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and

disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  March 2, 2023       **LONG LAW, LLC**

             By: */s/ Brian D. Long*
               Brian D. Long (#4347)
               3828 Kennett Pike, Suite 208
               Wilmington, DE 19807
               Telephone: (302) 729-9100
               Email: BDLong@LongLawDE.com

               *Attorneys for Plaintiff*